# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 579 | **DATE** | March 6, 2002 |
| **CASE TITLE** | Gravdahl v. Conwell, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] On the question of subject matter jurisdiction, the court finds that because the plaintiff was a citizen of the state of Florida in January of 2000, this court has subject matter jurisdiction over the case. ENTER MEMORANDUM OPINION. The case is set for status on April 10, 20002 at 11:00 a.m.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices MAILED by judge's staff. | | 3/14/02 date docketed | 47 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |

(Reserved for use by the Court)

00-579.021-MEV					March 6, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD P. GRAVDAHL,          )<br>                              )<br>            Plaintiff,         )<br>                              )<br>      v.                      )   No. 00 C 0579<br>                              )<br>THOMAS CONWELL, individually and )<br>as President of Lake Forest  )<br>Financial Group, Ltd., LAKE  )<br>FOREST FINANCIAL GROUP, LTD., )<br>TRANSAMERICA LIFE COMPANIES, )<br>ACACIA LIFE INSURANCE CO., THE )<br>ADVISORS GROUP, INC., EVEREN )<br>SECURITIES, INC., n/k/a First )<br>Union Securities, Inc.,      )<br>                              )<br>            Defendants.        ) | |

DOCKETED
MAR 1 4 2002

## MEMORANDUM OPINION

The question before the court is whether have subject matter jurisdiction over this case based on diversity of citizenship. See 28 U.S.C. § 1332. For the reasons explained below, we hold that we do have jurisdiction.

## BACKGROUND

The plaintiff filed this case in state court against the various defendants alleging breach of contract, conversion, breach of fiduciary duty, and fraud. The defendants removed the case to federal court on the basis of diversity of citizenship, arguing in their Notice of Removal that the plaintiff's allegation of Illinois citizenship is false. The plaintiff filed a Motion to Remand

/17

arguing that this court has no diversity jurisdiction over the case because he is an Illinois citizen, as are all of the defendants. However, the plaintiff later withdrew the motion before the defendants responded to it.

Nevertheless, we ordered the parties to investigate the plaintiff's domicile and brief the question of whether this court has subject matter jurisdiction over the case. See Christianson v. Colt Indus. Operating Corp., 798 F.2d 1051, 1055 (7th Cir. 1986) (noting that the district court may consider the question of federal jurisdiction sua sponte and the parties may not simply stipulate to federal jurisdiction).

## ANALYSIS

This case does not involve a federal question, so jurisdiction is proper only if there is complete diversity among the parties, which means that no defendant may be a citizen of the same state as any plaintiff. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Indiana Gas Co., Inc. v. Home Insurance Co., 141 F.3d 314, 318 (7th Cir. 1998) (noting that complete diversity is essential in cases brought under 28 U.S.C. § 1332). To assess diversity jurisdiction in a removed case, we look at the parties' citizenship not only when the suit was filed in state court, but also when it was removed. See Kanzelberger v. Kanzelberger, 782 F.2d 774, 776 (7th Cir. 1986). In this case, the complaint was filed on January 26, 2000, and was removed only

five days later, on January 31, 2000. The party seeking to preserve federal diversity jurisdiction bears the burden of showing that the amount in controversy and complete diversity requirements are met. See Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). "A defendant meets this burden by supporting her allegations of jurisdiction with 'competent proof,' [citation omitted], which in our circuit requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" Id. (citations omitted).

Citizenship is determined by the parties' domicile, which is established by physical presence in a state coupled with an intent to remain there. Texas v. Florida, 306 U.S. 398, 424 (1939); Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996); Sadat v. Mertes, 615 F.2d 1176, 1180 (7th Cir. 1980). "Intent is a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." Sadat, 615 F.2d at 1181 (internal quotation omitted). Although no single factor is determinative of domicile, courts look to various factors including: current residence, voting registration, driver's license and automobile registration, location of personal property, place of employment or business, membership in clubs or other associations, family ties and payment of taxes. See e.g., Sadat, 615 F.2d at 1181; Hough v. Hough, No. 92 C 20046, 1992 WL 390764, at *1 (N.D. Ill. Dec. 21,

1992). Statements of intent as to one's current domicile are given little weight when they contradict the facts. <u>Sadat</u>, 615 F.2d at 1181.

At his deposition, Gravdahl testified that in 1995, his intent was to relocate to Florida to live permanently on a boat and be an "international cruiser[]." Dep. transcript at 64-65. He sold his Illinois home in May of 1998, and has never owned or rented property in Illinois since then. <u>Id.</u> at 16-17. With his wife, he has purchased property in Florida, including a house in 1996 and a vacant lot in August of 2000. <u>Id.</u> at 20-21, 28. He does not live with his wife in the house they purchased, <u>id.</u> at 26, but instead lives on his boat or in the recreational vehicle (RV), <u>id.</u> at 41, he bought in Florida in 1998. <u>Id.</u> at 17. He resides in Illinois during the summer months, living in his self-contained RV.[1] He does not maintain a fixed location, but rather parks the RV "a lot of places," <u>id.</u> at 49, in marinas or on his friends' property. <u>Id.</u> As to his boat, it has been moored in Florida since 1996, and the last time the plaintiff paid any mooring fees in Illinois was in 1996. <u>Id.</u> at 60-62. Gravdahl receives mail at post office box located in Illinois, but the mail is forwarded to an address in Florida. <u>Id.</u> at 40, 41-42, 45-

---

[1] Gravdahl suggested at his deposition that prior to 2001, he traveled between Illinois and Florida during the summer months. In response to a question as to whether he spent time in Florida in August of 2000, Gravdahl responded that "it was nothing for me to go back down to Florida and leave from Florida and go do whatever, check on my boat or - I mean, that's why I have an RV." <u>Id.</u> at 55.

- 5 -

46. In sum, he has not had any residential address in Illinois since he sold his home in 1998.[2]

The plaintiff argues that while his wife intended to change her domicile from Illinois to Florida, he did not. Id. at 24. In fact, apart from a car, he does not keep his personal property in the Florida house they bought. Id. at 27. When the home in Illinois was sold, he sent his property to his brother's home in Minnesota. He paid taxes to the state of Illinois in 1998, 1999, and 2000. See Exhibits to Plaintiff's Memo. In Support of Lack of Federal Jurisdiction. However, in 1997 he listed Florida as his address on his federal income tax return. Dep. Tr. at 19-20. On the more recent tax returns, he simply lists the address of his Illinois post office box. See Pl.'s Exs. Similarly, his Illinois driver's license lists only the address of his post office box. See Def.'s Ex. 8. Although his car, RV, and boat are located in Florida, they are registered in Illinois. Dep. Tr. at 17, 25. His car insurance company is State Farm of Illinois. Id. at 63. He states that he receives medical care in Illinois, but he has also received medical care in Florida. Id. at 71-72, 78.

---

[2] His deposition testimony is clear on this point:

Q: And is it fair to say that your entire existence in the state of Illinois for purposes of address was the P.O. box located at 736 North Western Avenue, Unit 216, Lake Forest, Illinois, 60045 from approximately 1998 until present?

A: Right, for -- Yes. For all domicile and citizenship."

Tr. at 77.

We find that the defendants have met their burden of proving that the plaintiff is domiciled in the state of Florida. While a protracted absence from one's domicile does not establish a new domicile, Seaboard Fin. Company v. Davis, 276 F. Supp. 507, 510 (N.D. Ill. 1976), by his own admission Gravdahl intended to relocate to Florida permanently in 1995 to live on his boat. His actions have proven consistent with that intention. The plaintiff has had no fixed residence in Illinois since 1998, and since that time, he has bought a house in Florida and moored the boat on which he lives in Florida. See Duff v. Beaty, 804 F. Supp. 332, 336 (N.D. Ga. 1992) (finding that defendant changed his domicile to Tennessee when he moved out of his Georgia home, bought a boat to live in, and docked the boat in Tennessee). Gravdahl has no personal property in Illinois, and despite registering his car and boat in Illinois, he keeps both in Florida. See id. at 336 (finding a change of domicile even though the defendant did not change his car registration, get a new driver's license in the new state, or publicize his intent to move to the new state). Gravdahl returns to Illinois only during the summer months, and even then, roams about within and outside Illinois. See infra note 1. As for family, his wife - to whom he has been married for 30 years - lives in Florida. Dep. Tr. at 10. (There is no mention of children.)

The fact that Gravdahl maintains some formal ties with Illinois, such as paying Illinois taxes, maintaining an Illinois

driver's licence, and keeping insurance accounts in Illinois is insufficient to rebut the clear evidence that he intended to relocate to Florida. See Klement v. West Irving Die Casting Co., No. 84 C 3910, 1986 WL 4130, *1-2 (N.D.Ill. March 28, 1986) (noting that the plaintiff conducted some business in Illinois but concluding that was insufficient to establish domicile in Illinois). The Seventh Circuit has warned that it would be too easy for litigants who live in two states "to opt in or out of federal diversity jurisdiction" simply by manipulating such things as their voter registration or driver's license. Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991) (holding that the defendant was domiciled in Illinois, where he lived most of the year, even though he took out a Florida driver's license, registered to vote in Florida, and listed Florida as his permanent address on his income tax returns). As to the post office box, we have little trouble concluding that a post office box cannot establish a domicile or residence, see In re Urban, No. 96 Civ. 8567, 1998 WL 9389, at *3 (S.D.N.Y. Jan. 13, 1998), particularly where, as here, the mail is forwarded to Florida. Finally, Gravdahl's current statement that his intent was always to remain domiciled in Illinois is entitled to little weight because it is influence by his self-interest in the outcome of this case. See Sadat, 615 F.2d at 1181; Samudio v. O'Loughlin, No. 96 C 2958, 1997 WL 136308, at *3 (N.D. Ill. March 19, 1997).

Therefore, we conclude that the plaintiff was a citizen of Florida in January of 2000 when he filed his complaint and the defendants removed it to federal court.

One additional point is worth noting, though it was not mentioned by either party. In cases where federal jurisdiction is based on diversity of citizenship, the removal statute allows removal only if "none of the ... defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 378 (7th Cir. 2000) (referring to this as the "forum defendant" rule).[3] Here, there is no dispute that "all defendants are citizens of the [s]tate of Illinois," Defendants' Joint Memo. in Support of Subject Matter Jurisdiction at 3, and that the action was filed in Illinois. The plaintiff's motion to remand (which he later withdrew) did not raise this as a basis for remanding the case.

Thus, the question arises whether the "forum defendant" rule articulated in § 1441(b) is a jurisdictional requirement or a procedural rule that the plaintiff can waive by failing to raise it in a motion to remand. See 28 U.S.C. § 1447 ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). Observing that a case satisfying the diversity requirements of 28

---

[3]/ The rule makes sense given that the contemporary rationale for diversity jurisdiction is "to protect nonresidents from the possible prejudice that they might encounter in local courts." See Galvan, 924 F.2d at 730.

U.S.C. § 1332 could have been filed in federal court in the first instance, the Seventh Circuit has held that the forum defendant rule from § 1441(b) is "more a matter of removal procedure, and hence waivable, than a matter of jurisdiction." Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 379-80 (7th Cir. 2000) (noting that there is a split in opinion but that the overwhelming authority "is on the 'nonjurisdictional' side of the debate").

In view of the fact that the plaintiff did not raise an objection to removal on the basis of the forum defendant rule, we find that § 1441(b) does not bar this court's jurisdiction over the case.

## CONCLUSION

Because the plaintiff was a citizen of the state of Florida in January of 2000, this court has subject matter jurisdiction over the case.

DATE: March 6, 2002

ENTER: _____
John F. Grady, United States District Judge